IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA F. CLEMONS,

        Plaintiff,

vs.                                                                                CIV 13-0651 KBM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing filed November 18, 2013 (*Doc. 14*), which was fully briefed on January 3, 2014 (*Doc. 16*). Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 6, 7*. For the reasons set forth below, the Administrative Law Judge's ("ALJ") decision is remanded to the Commissioner for further proceedings.

**I.**     **Background**[1]

Plaintiff suffers from bipolar disorder, depression, anxiety, migraine headaches, and fibromyalgia. *Doc. 14* at 2. Plaintiff applied for disability insurance benefits, alleging that she has been disabled since October 14, 2004, and she was insured for disability benefits through December 31, 2009. *Id.* Since Plaintiff's application was denied both at the initial and reconsideration levels (AR at 58, 59), Plaintiff requested a

---

[1] Documents 10-1 through 10-12 comprise the sealed Administrative Record ("AR"). When citing the record, the Court cites the AR's internal pagination, rather than the CM/ECF document number and page.

hearing before an ALJ (AR at 69-70), which took place on November 17, 2011 (AR at 16).

The ALJ issued her decision on December 13, 2011. Using the five-step sequential evaluation process[2], the ALJ found as follows:  at Step One, Plaintiff was not engaged in substantial gainful activity; at Step Two, Plaintiff had severe impairments including migraine headaches, adjustment disorder with anxiety and depression but that her alleged fibromyalgia and de Quervains tenosynovitis impairments were "non-severe in nature" (AR at 18); at Step Three, Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments; at Step Four, Plaintiff had the residual functional capacity ("RFC") to perform light work; and at Step Five, there were jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act.  AR at 16-23.  Plaintiff's request that the Appeals Council review the unfavorable decision was denied leaving the ALJ's decision as the final decision of the Commissioner.  AR at 1-6.

---

[2] Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520. Step One requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510.  Step Two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities.  20 C.F.R. § 404.1520(C).  If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied.  At Step Three, the claimant's impairment is compared with certain impairments listed in 20 D.F.R. Pt. 404, Subpt. P, App. 1 ("Listings"). A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If the claimant does not meet a listing, the evaluation proceeds to Step Four, where the claimant must establish that she does not retain the residual functional capacity ("RFC") to perform her past relevant work.  If the claimant's Step-Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account her age, education, work experience, and RFC, can perform.  *Dikeman v. Halter*, 245 F.3d 1182, 1183 (10th Cir. 2001). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  20 C.F.R. § 404.1520.

**II.     The Claims**

Plaintiff raises four assertions of error by the ALJ in this appeal:  1) failure to consider the effect of Plaintiff's fibromyalgia on her ability to work; 2) finding that Claimant's fibromyalgia is not a severe impairment; 3) failing to acknowledge the frequency of Plaintiff's migraine headaches in her assessment of Plaintiff's Residual Functional Capacity; and 4) failing to recognize the extent and severity of Plaintiff's mental impairments.

**III.    Standard of Review**

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision was supported by substantial evidence; and second, whether the correct legal standards were applied.  *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, "[a] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."

*Id.* (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) and *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (brackets in original).

Generally, my assessment is based on a "meticulous" review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency.  *Id.*  However, this case can be resolved on an error of law.  Therefore, all portions of the record that bear on the legal argument raised by Plaintiff have been read and carefully considered, but I did not review every single page of the medical documents in detail, as is usually the case.  *See Grogan v. Barnhart*, 399 F.3d 1257,

1262 (10th Cir. 2005) ("we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the ALJ's findings in order to determine if the **substantiality test** has been met.") (citations omitted and emphasis added). But "'if the ALJ failed to apply the correct legal test, there is a ground for reversal **apart from** a lack of substantial evidence.'" *Candelario v. Barnhart*, ___ Fed. App'x ___, 2006 WL 308263 (10th Cir. 2006), quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (emphasis added).

### IV.   Discussion

Plaintiff's principal argument is that ALJ erred at Step Two in determining that Plaintiff's fibromyalgia was not severe. At the time of her analysis in December 2011, the ALJ did not have the benefit of Social Security Ruling ("SSR") 12-2p, "Titles II and XVI: Evaluation of Fibromyalgia." which was first published in July 2012 and provides specific guidance to fact finders in evaluating fibromyalgia in disability claims. *See* SSR 12-2p, 2012 WL 3104869. "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007). Remand is also appropriate where "the ALJ did not have the benefit of the Ruling when he arrived at his decision," and the court cannot determine whether the evidence in the record "could have led to a different result had the ALJ assessed it with reference to the new Ruling." *Id.*

Here, in support of the ALJ's decision that the fibromyalgia was not severe, the Commissioner relies on the premise that the medical "records have not shown the **required** test results such as Plaintiff exhibiting at least 11 of 18 bilateral tender/trigger

points as the ACR requires." *Doc. 15* at 11 (emphasis added).  However, SSR 12-2p

> ***also sets forth an additional path*** that a claimant can rely on to support a diagnosis of fibromyalgia, which is based on the ACR's 2010 Preliminary Diagnostic Criteria. SSR 12–2P, 2012 WL 3104869, at *3.  Under the 2010 Criteria, instead of relying on tender points, a claimant may also show that he has "[r]epeated manifestations of six or more [fibromyalgia] symptoms ..., especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome."  *Id.* (footnotes omitted).  But this path does not supersede establishing a diagnosis based on the "tender points" criteria.  *See id.* at *2–3 (noting the ruling "provide[s] two sets of criteria for diagnosing [fibromyalgia]," either of which is sufficient to establish the impairment).

*Selian v. Astrue*, 708 F.3d 409, 420 n.3 (2d Cir. 2013) (emphasis added).  In summary, "[t]he primary significance of SSR 12-2p is that the old 'tender point' evaluation, while still permitted, is no longer required." *Doc. 16* at 2.

      Thus, even where the "tender point" evaluation fails to demonstrate a fibromyalgia MDI, a second alternative to prove an MDI of fibromyalgia is based on the 1990 American College of Rheumatology Preliminary Diagnostic Criteria.  *See* SSR 12-2p.  These criteria include:  "1. A history of widespread pain; 2. Repeated manifestations of six or more  FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and 3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." SSR 12-2p (II)(B)(2) (internal citations omitted).  As Plaintiff points out, the medical record amply demonstrates that she suffers from repeated manifestations of fibromyalgia symptoms, including fatigue, cognitive

memory problems, depression, anxiety disorder, insomnia, and irritable bowel syndrome.  *Doc. 16* at 3.

Yet, SSR 12-2p also explains that:

> [i]f we find that the person has [a medically determinable impairment ("MDI")] that could reasonably be expected to produce the pain or other symptoms the person alleges, we will consider those symptom(s) in deciding whether the person's impairment(s) is severe.  If the person's pain or other symptoms cause a limitation or restriction that has more than a minimal effect on the ability to perform basic work activities, we will find that the person has a severe impairment.

*Id.* at *5.  Therefore, Plaintiff's symptoms must be evaluated in a two-prong process in order to determine whether they impact her functional limitations.  SSR 12-2p (IV).

This process was not undertaken by the ALJ in this case, as she did not have the benefit of SSR 12-2p at the time of her evaluation and decision.  Because the Court is unable to determine whether the ALJ would have reached different conclusions at the second prong of this evaluative process, remand is warranted.  Because this issue alone requires remand and may affect the analysis as a whole, this Court will not address the other claims of error raised by Plaintiff.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006); *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

Wherefore,

**IT IS HEREBY ORDERED** that this matter is remanded to the Commissioner for further proceedings consistent with this opinion.  A final order with be entered concurrently with this memorandum opinion and order.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent