IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA F. CLEMONS,

        Plaintiff,

vs.                                                                                        CIV 13-0651 KBM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

# MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (*Doc. 19*), filed on August 6, 2014, and fully briefed on August 19, 2014 (*Doc. 21*).   Having reviewed the submissions of the parties and the relevant law, the Court will grant Plaintiff's motion.

Plaintiff initiated this case seeking remand of the Commissioner's denial of her petition for social security benefits, arguing that the Administrative Law Judge ("ALJ") did not have the benefit of Social Security Ruling ("SSR") 12-2p; Titles II and XVI: Evaluation of Fibromyalgia, which provides specific guidance to fact finders in evaluating fibromyalgia in disability claims.  *See* SSR 12-2p, 2012 WL 3104869.   This Court agreed, finding that it was necessary for the ALJ to reevaluate Plaintiff's residual functional capacity ("RFC") based on the guidelines from the new ruling, and remanded the matter to the Commission.  *Doc. 17*.

Plaintiff now seeks attorney fees under the Equal Access to Justice Act ("EAJA")

as the "prevailing party." Under the EAJA, Plaintiff can recover attorney fees if she is the prevailing party, the position of the United States was not substantially justified, and there are no special circumstances that make an award of fees unjust. *See* 28 U.S.C § 2412(d)(2). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). The Commissioner bears the burden to establish that her position was substantially justified. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541 (1988)).

The Commissioner contends that defending the ALJ's decision was substantially justified because the ALJ correctly followed the guidelines in place at the time. This argument is unavailing. The "position of the United States" as defined by the EAJA, means not only the position taken in the civil action, but also, "the action or failure to act by the agency upon which the civil action is based." *Id.* (quoting 28 U.S.C. §2412(d)(2)(D)). "Fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." *Id.* (quoting *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Therefore, "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156 (9th Cir. 2002).

Here, the ALJ rendered her unfavorable decision on December 13, 2011.

Plaintiff appealed that decision to the Appeals Council on January 31, 2012.  In July of 2012, during the pendency of Plaintiff's appeal, the Social Security Administration implemented SSR 12-2p.  It is well established that "[g]enerally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision."  *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007).  Remand is also appropriate where "the ALJ did not have the benefit of the Ruling when he arrived at his decision" and the court cannot determine whether the evidence in the record "could have led to a different result had the ALJ assessed it with reference to the new Ruling."  *Id.*

Because the ALJ did not have the benefit of the new ruling when making her decision, the Appeals Council should have remanded the case to the ALJ.  Instead, in June of 2013, almost a year after perfecting her appeal, the Appeals Council denied Plaintiff's request for review, compelling her to initiate proceedings in this Court.  AR 1-3.  This agency conduct was unreasonable in light of the new ruling.  As Plaintiff points out, if the Appeals Council had simply chosen to stipulate to a remand for new hearing where the new rule could have been applied, no attorney fees would have been incurred here in district court.  Accordingly, the Commissioner has not established that her position was substantially justified.

WHEREFORE,

IT IS ORDERED that Plaintiff's Motion for an Award of Attorney Fees (*Doc. 19*) in the amount of $13,135.00 and $400.00 in costs is **granted**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE